UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

DOMINIQUE NATHANIEL SANFORD, )
)
) No. 5:13-CV-419-KKC-REW
Petitioner, )
) RECOMMENDED DISPOSITION
v. )
)
WARDEN, DAN BOTTOMS, )
)
Respondent.

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner, Dominique Nathaniel Sanford, moves to withdraw his pending *pro se* petition under 28 U.S.C. § 2254. DE ##5 (Motion); 1 (Petition). As grounds for the request, Sanford indicates that the motion is premature.

In its initial review of the petition, the Court perceived the filing as potentially involving unexhausted and/or time-barred claims. The Court thus permitted Sanford until January 17, 2014, to show cause why his petition should not be dismissed for failure to exhaust and to submit information supporting equitable tolling of the statute of limitations and any other timeliness argument. DE #4 (Order). Sanford subsequently filed the instant motion.

With respect to failure to exhaust, the Court previously noted that, contrary to allegations within the petition, public records suggest that Sanford did in fact appeal. The Kentucky Supreme Court's public database identifies an appeal by a Dominique Sanford that seems likely to involve the matter before the Court. *See Sanford v. Commonwealth*, 2011-SC-143-MR (Ky. Dec. 22, 2011) (unpublished). That case involves an appeal under circumstances that mirror Sanford's short factual description here. However, Kentucky law generally requires ineffective assistance claims to first be litigated to the trial court through an RCr 11.42 motion. Kentucky

1

Rule of Criminal Procedure 11.42 permits a movant to file pursuant to that Rule "within three years after the judgment becomes final." RCr 11.42. There may still exist an avenue of state-court relief available to Petitioner, forestalling federal consideration.

On this record, "prematurity," or failure to exhaust, is not the only concern. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") subjects section 2254 petitions to a one-year limitation period. 28 U.S.C. § 2244(d). The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* Sanford states that he was convicted in Fayette Circuit Court on February 21, 2011,[1] and he further states that he did not appeal his conviction. DE #1 (Petition) at 1. Thus, the limitations period on Sanford's § 2254 petition began to run upon the expiration of the time for seeking

---

[1] The petition does not indicate the date the court imposed sentence.

direct review. 28 U.S.C. § 2244(d)(1)(A). Under Kentucky Rule of Criminal Procedure 12.04(3), a criminal defendant has thirty days after the date of entry of judgment to appeal his conviction. Although the Court cannot, on this record, calculate precisely the date the conviction became final, it appears likely that well more than a year has passed since that date and the filing of Sanford's § 2254 petition in December of this year.

If the Kentucky Supreme Court's decision in 2011-SC-143-MR does relate to the instant matter, that court denied relief on December 22, 2011. Sanford then had 90 days from that date, or until March 21, 2012, to file a petition for a writ of certiorari with the United States Supreme Court (though he evidently did not do so). *See* Sup. Ct. R. 13(1), (3). The § 2254 petition denies seeking further review[2] and, thus, for AEDPA purposes, the conviction became final, and the one-year statute of limitations began to run, on March 21, 2012. *See Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009) ("As a result, direct review cannot conclude for purposes of § 2244(d)(1)(A) until the 'availability of direct appeal to the state courts' and to this Court has been exhausted.") (citations omitted); *Hill v. Dailey*, 557 F.3d 437, 437-38 (6th Cir. 2009) (acknowledging 90-day window). Sanford filed the instant petition over eighteen (18) months later on December 3, 2013.

If Sanford timely filed an application for state post-conviction or other collateral review, the statute of limitations would have been tolled as long as those proceedings were pending. 28 U.S.C. § 2244(d)(2). In his petition, however, Sanford denies seeking further relief. Thus, it appears that Sanford did not seek relief that would toll the § 2244(d) statute of limitations. In short, based on the record before this Court, it appears Sanford filed his § 2254 petition too late.

---

[2] The Court's independent research of the United States Supreme Court's public database confirms that Sanford did not file a petition for a writ of certiorari with the Supreme Court.

3

Further, the petition as filed does not address timeliness or provide any information in support of equitable tolling. On the current record, the doctrine of equitable tolling would not spare Sanford's § 2254 petition, and the timeliness problem is likely fatal to any filing in this Court.

Sanford is, however, the master of his petition, a document he now seeks to withdraw. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the motion to withdraw (DE #5) and **DENY AS MOOT** Sanford's motion for leave to proceed *in forma pauperis* (DE #2). The Court cautions Sanford that, in any future relief request, he must still confront and successfully cross the timeliness bar. Exhaustion (or "prematurity") and timeliness are separate but related concepts that employ distinct analyses. Additional filings in the Kentucky courts may resolve any issue related to exhaustion but, on this record, likely would not resolve any issue related to the statute of limitations/equitable tolling. The result of withdrawal would be dismissal without prejudice of the withdrawn petition on the current record.

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 17th day of January, 2014.



Signed By:
**_Robert E. Wier_**
**United States Magistrate Judge**